SCHOENROCK, Appellant v. EIB et al., Respondents

(71 N. W.2d 82)

(File No. 9488. Opinion filed June 28, 1955)

**John M. Theodosen,** Garretson, **R. G. May,** Sioux Falls, for Plaintiff and Appellant.

**James R. Adams,** Sioux Falls, **Davenport, Evans, Hurwitz & Smith,** Sioux Falls, **Samuel W. Masten,** Canton, for Defendant and Respondent, Roy Eib.

RUDOLPH, P. J.   The question presented by this appeal is whether the conduct of the defendant, Eib, in mingling with members of the jury during recesses of court requires a new trial.   The trial court denied a motion for a new trial and plaintiff has appealed.

■   The facts are as follows:   Plaintiff brought this action against the defendants Eib and Thompson to recover damages for the alleged wrongful death of her husband. The jury returned a verdict in her favor against Thompson, but denied her a verdict against Eib.   The record before us relates only to the conduct of Eib in mingling with the jury. There is no transcript of the testimony relating to the merits of the controversy, and whether a jury question was presented by the evidence so far as Eib is concerned, we are not advised, except by the fact that the issue of Eib's negligence was submitted to the jury by the trial court.   Whether such submission will support a determination that a jury issue was presented by the evidence we do not determine.   Con-

ceding a jury issue was presented we are satisfied from the record before us that there was no abuse of discretion by the trial court in refusing a new trial.

The trial was in the courtroom of the courthouse at Canton. This courtroom is on the third floor. The entrance to the courtroom is from a hall at the head of the stairs. This hall has benches for seating purposes, a drinking fountain, and provides access to the men's rest room. During recesses of court spectators, jurors, attorneys and all others present mingle in this hall where it is permissible to smoke.

Plaintiff's affidavit is to the effect that she observed Eib conversing with members of the jury in this hall and she "went into a hallway adjoining the courtroom and stood in a doorway on the east side of said hall and in a position where she was able to hear parts of the conversation," between Eib and jurors. This conversation consisted of a comparison of farming conditions in Kansas, Eib's home state, and South Dakota. Eib stated, "My if we just had land like this", and further that he was located 25 or 30 miles north of the drouth-stricken area in Kansas and said "Where we are located we are still all right", and "Water is the big problem down our way and sometimes when they drill they get nothing but salt water." Such was the general tenor of the conversations as described by plaintiff. Plaintiff's attorney stated that he observed Eib conversing with jurors but did not observe the "extent thereof or the repetitious nature thereof."

Respondent's affidavits disclose that plaintiff's attorneys conversed with members of the jury in this same hallway. Eib's affidavit is to the effect that at the first recess members of the jury approached him and asked concerning farming conditions in Kansas, that he discussed the subject with them and reported this fact to his attorneys who advised him to be polite to members of the jury but to avoid them as much as was possible under the conditions as they existed; that thereafter he did his best to avoid them "but admits on several occasions different ones did ask him questions" relating to farming conditions in Kansas.

It is appellant's contention that Eib being a farmer from Kansas, and a majority of the members of the jury being

Lincoln County farmers, these conversations tended to achieve a community of interest between them and a feeling of bias and sympathy for the defendant Eib.

■ ■ The reason for setting verdicts aside because of oral communications between a party and jurors is to insure confidence in trial by jury. Whether the conversations as disclosed by the record were such as to justly cast suspicion upon the verdict was for the trial court in the exercise of a sound legal discretion to determine in the first instance. State v. Balfany, 50 S.D. 530, 210 N.W. 722, and cases therein cited. Annotation 55 A.L.R. 751.

Under the affidavits submitted the trial court was justified in concluding that the conversations were simply casual. These conversations were open for all to hear, and carried on by counsel for plaintiff with jurors in the same manner as by respondent. Counsel for plaintiff observed respondent in conversation with jurors and was not impressed until after the verdict. Nor did Eib seek to ingratiate himself with the jurors. The affidavits disclose that any conversations were initiated by jurors and not Eib.

Of course the respondent should have avoided all contract with jurors but for this court to hold that the trial court abused its discretion in holding that the record facts cast no just suspicion upon the verdict would be simply opening the door for setting aside verdicts because of some whimsey or fanciful notion conceived after an adverse verdict. We would belittle the acumen of jurors, should we hold, after the trial court had determined otherwise, that these casual conversations about farming during recess with lawyers, parties, specators and the public generally present created a feeling of bias or sympathy for respondent which was reflected in the verdict.

We have considered the cases cited by the parties and many others. We have given attention to the South Dakota decisions and find nothing in conflict with our holding herein. No useful purpose will be served by discussing the many cases because in cases of this type each case must be decided upon its own facts.

The order appealed from is affirmed.

All the Judges concur.