555 P.2d 358

**STATE of Arizona, Appellee,**

v.

**Robert Lee ADAMS, Appellant.**

**No. I CA–CR 1638.**

Court of Appeals of Arizona,
Division 1,
Department A.

Sept. 30, 1976.

**390**

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., R. Wayne Ford, Asst. Atty. Gen., Phoenix, for appellee.

Andrews & Johnson by Judis R. Andrews, Phoenix, for appellant.

## OPINION

DONOFRIO, Presiding Judge.

After a trial by jury, appellant was convicted of (1) assault with a deadly weapon, (2) aggravated battery and, (3) possession of a pistol by a criminal. Appellant was sentenced to not less than three nor more than five years in the Arizona State Prison on each count, the sentences to run concurrently. On appeal, the only issue raised by appellant is whether he was denied a fair and impartial trial because, during the course of the trial, he invited a juror into his house for a beer, introduced the juror to his wife and family and discussed various matters including some matters related to the case with the juror. Neither the juror nor appellant informed anyone of the incident until after a guilty verdict had been returned.

On the second day of appellant's trial, appellant and a juror, Mr. Kerr, met on the street outside the courthouse. Appel-

lant claims that Kerr waved at him while appellant was driving his vehicle. Kerr claimed that appellant approached him. In any event, appellant entered Kerr's car and the two of them drove to Kerr's wife's house. After a stop there, the pair drove to appellant's house. Kerr came into appellant's house where Kerr met appellant's wife and children and the two men each drank a beer. Appellant's and Kerr's testimony differed somewhat concerning what they discussed during the time they were together. Appellant claimed that they discussed appellant's background and the "entirety" of the case. Appellant stated that Kerr said he was convinced of appellant's innocence. Kerr claimed that the discussion of the case was very minimal.

In addition, the conversation concerned various incidental matters unrelated to the case including the possibility of appellant performing wrought iron work for Kerr. Kerr gave appellant his address, phone number and directions to his house. Neither appellant nor Kerr reported this incident to the State, appellant's counsel or the court, until after appellant had been found guilty.

On June 30, the jury found appellant guilty. On July 2, appellant told his attorney of the incident, and on July 9, appellant's attorney filed a motion for a new trial. Appellant stated that he did not inform his attorney of the incident earlier because he "was convinced that Mr. Kerr, pursuant to his earlier promise to [appellant] would induce the jury to return a verdict of not guilty."

The court denied appellant's motion for a new trial. In a related matter, Kerr was found guilty of criminal contempt and sentenced to six months in the county jail and fined $1,000.

■ Although the juror's conduct was highly improper, we are of the opinion that appellant's conviction should be affirmed for three reasons. First, because appellant knew of the alleged misconduct and did not timely inform the trial court, appellant has waived his right to raise the issue. Second, even if appellant did not initiate the meeting with Kerr, he willingly talked with him and therefore was at least partially responsible for any error. Third, appellant has not shown that he was prejudiced by Kerr's conduct. We do not decide the question of whether any one or any combination of these three factors alone would be sufficient to affirm a conviction in another case. However, in this case, it is our opinion that the combination of these factors requires us to affirm appellant's conviction.

■ First, the law is clear that a defendant must object when he learns of misconduct by a juror. He is not permitted to wait until after an unfavorable verdict is returned and then complain. Cf. *State v. Hulet*, 159 Wash. 72, 292 P. 107 (1930),[1] also, see cases cited in annotation 9 A.L.R.3rd 1283–4 (1966). Further, when an unauthorized or improper communication is immediately called to the court's attention, the judge can quickly and discreetly look into the matter to determine the true facts and assess its prejudicial effect to a party. It is to be noted also, that when the improper conduct is called to the trial court's attention in time, the court would be in a position to avert a mistrial when an alternate juror is available by substituting the alternate in place of the regular juror who may have received the improper communication.

■ In other situations, our Supreme Court has held that claims of error will not be considered on appeal where the trial court has not been given the opportunity to rule on an issue so as to correct the error. *State v. Coward*, 108 Ariz. 270, 496 P.2d 131 (1972); *State v. Deschamps*, 105 Ariz. 530, 468 P.2d 383 (1970).

1. "Having chosen not to move for a mistrial when the matter first became known and ,to let the trial proceed in the hope of a verdict of acquital, appellant cannot now take advantage of the occurrence without making a showing from which a probability, at least, of prejudice can be drawn." 159 Wash. 72, 76, 292 P. 107, 109.

■ This general rule is applicable to this case even though appellant's attorney was unaware of the misconduct. Appellant cites no case which distinguishes between a defendant's knowledge of the misconduct and his attorney's knowledge, and under the facts of this case we do not feel that such a distinction would be helpful or meaningful. At the hearing on Kerr's misconduct, appellant did not testify that he was unaware that Kerr's conduct was improper. Rather, the sole reason given for not informing his attorney of the incident was that he was convinced that Kerr would induce the jury to return a verdict of not guilty. Where the incident is not brought before the court because of appellant's decision that it was in his self-serving interest not to disclose it, rather than because of any misunderstanding or ignorance of the law, appellant has waived any objection to the misconduct.

■ Second, error, if any, in the instant case was due, at least in part, to appellant's own conduct. It is a criminal offense to attempt to influence a juror, and by appellant's own admission he violated this law. See A.R.S. § 21–232. Further, appellant was present when the jury was admonished by the trial judge not to talk with anyone concerning the case. Therefore, we feel that appellant was, or should have been, aware that his conduct was not proper. Our Supreme Court has held that "[c]ourts will not allow a party to take advantage of a wrong which he or his counsel provokes." *State v. Gilreath,* 107 Ariz. 318, 320, 487 P.2d 385, 387 (1971), cert. denied 406 U.S. 921, 92 S.Ct. 1781, 32 L.Ed. 2d 121 (1972).

■ Finally, appellant has not shown any prejudice to him because of the conversation. On appeal, the sole prejudice claimed by appellant is that he discussed his side of the case and his background including his criminal record with Kerr. However, appellant testified at trial and his prior criminal record was conceded by his counsel. Further, it appears that appellant's contact with Kerr was very cor-

dial and favorable to appellant. In fact, appellant stated that he did not disclose the incident because he thought Kerr would convince the jury to rule in his favor.

■■ The decision of whether or not a new trial should be ordered because of communications between a juror and a party or the attorneys connected with the case rests in the sound discretion of the trial court. *State v. Byrd,* 94 Ariz. 139, 382 P. 2d 555 (1963). Although in another case a single contact between the defendant and a juror could require a mistrial or a new trial, we are of the view that the trial court did not abuse its discretion in denying the motion for a new trial here. We are only justified in disturbing the verdict of guilty on account of the alleged misconduct of a juror when it is shown that such misconduct was prejudicial to the rights of the defendant, or when such a state of facts is shown that it may fairly be presumed therefrom that the defendant's rights were prejudiced. *Drummer v. State of Wyoming,* Wyo., 366 P.2d 20 (1961); *Myers v. State,* 240 Ind. 641, 168 N.E.2d 220 (1960); *Drew v. State,* 124 Ind. 9, 23 N.E. 1098 (1890).

Appellant cites several civil cases which he contends hold that contact between a party and a juror requires a new trial even though there was no proof that prejudice resulted. However, in each case cited by appellant, the contact was made by the prevailing party. *Vollrath v. Crow,* 9 Wash. 374, 37 P. 474 (1894); *Ensign v. Harney,* 15 Neb. 330, 18 N.W. 73 (1883). In such a case, there may be a subconscious prejudice created by the conversation or the contact because of the favorable or pleasant association with the party. Because of such contact, a juror may subconsciously lend more credence to that party's or that witness' testimony. However, where the favorable contact was directed toward favoring the losing party, this consideration is not present.

Our conclusions are supported by the reasoning in the early case of *Denver Al-*

*falfa Milling And Products Company v. Erickson,* 77 Colo. 583, 239 P. 17 (1925).

" * * * it is well-established law that every instance of misconduct will not destroy a verdict. When the misconduct has not been promoted by the prevailing party, its agent, employees or interested friends, and is free from corruption, and it does not reasonably appear that substantial prejudice has resulted, the verdict will not be set aside. [citations omitted] The misconduct in the instant case was not occasioned by the plaintiff, but was initiated and prompted by the witnesses and servants of the defendant. Nor does it appear that the jurors' minds were biased by the improper conduct, or that any evil effect resulted to the prejudice of the defendant. Under such circumstances, should the verdict be set aside? To so hold would work an injustice to the plaintiff for the misconduct and offenses of others. If the witnesses and servants of the defendant, or the jurors, improperly approached by them, violated their duty, the wrongdoers ought to be made to suffer, and not the innocent successful party to the cause, who was in no way accessory to the misconduct. Of course, it is the duty of the courts to preserve the purity of trials by jury, but to deprive a party of a verdict because jurors have been improperly spoken to about the case by interested witnesses of the unsuccessful party, who suffered no prejudice, would seem hardly compatible with the due administration of justice. The unsuccessful party, its servants, witnesses, and friends ought to be made to know and feel that they may lose, but cannot gain, by such misconduct." 239 P. at 19.

Thus, in the current case, we are unable to find any prejudice to appellant by his contact with the juror.

Under the facts of this case, including appellant's failure to object to the juror's conduct and appellant's role in the incident, it is our opinion that the trial court did not err in refusing to grant appellant a new trial. *Moore v. People,* 125 Colo. 306, 243 P.2d 425 (1952).

Judgment and sentence affirmed.

OGG and NELSON, JJ., concur.