621 P.2d 926

The STATE of Arizona, Appellant,

v.

Richard D. COMPTON aka Richard R. McCarthy; and Russell William Harbin, Appellees.

Nos. 2 CA–CR 1945, 2 CA–CR 1981–3.

Court of Appeals of Arizona, Division 2.

Nov. 4, 1980.

Rehearing Denied Dec. 3, 1980.

Review Denied Jan. 6, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, R. Wayne Ford and Galen H. Wilkes, Asst. Attys. Gen., Phoenix, for appellant.

T. W. Price, Phoenix, for appellee Compton.

Michael D. Tidwell, Apache Junction, for appellee Harbin.

## OPINION

HOWARD, Judge.

The main issue in this appeal is whether a juror's testimony or affidavit is admissible to show improper communications of a third person to the jury.

Appellees were charged with murder and conspiracy to commit murder. The jury acquitted them of murder but convicted both of the conspiracy charge. After hearing post-trial motions relating to alleged statements made by the bailiff to the jurors, the trial court granted appellees a new trial.

In deciding whether to grant a new trial, the court, over the state's objection, heard testimony from the jurors and considered the affidavits of two of them. The affidavits and testimony of three jurors indicated that the bailiff told the jury during its deliberation that the judge said they could not go home that night without reaching a decision. The bailiff denied making the statement and other jurors testified that they never heard such a statement. The trial judge, in granting the motions for new trial, stated that even if the bailiff did not actually make the statement to the jurors, the fact that three jurors believed that he did was sufficient to warrant a new trial.

The state claims the trial court erred in granting the new trial because (1) it improperly received testimony and affidavits of the jurors; (2) the court never found that an improper communication was in fact made, and (3) there was no showing of prejudice. For the following reasons we reject the state's contentions and affirm.

Prior to the adoption of the Rules of Criminal Procedure in 1973, Arizona followed the general rule that affidavits of jurors are not admissible to impeach a verdict. *State v. Pearson*, 98 Ariz. 133, 402 P.2d 557 (1965). However, this rule had no application where the purpose was to show improper acts or communications by persons other than the jurors themselves. *State v. Pearson*, supra.

The new criminal rules have changed the traditional rule prohibiting juror testimony or affidavits to impeach the verdict. Rule 24.1(c)(3), Arizona Rules of Criminal Procedure, 17 A.R.S., states:

"The court may grant a new trial for any of the following reasons:

(3) A juror or jurors have been guilty of misconduct by:

(i) Receiving evidence not properly admitted during the trial;

(ii) Deciding the verdict by lot;

(iii) Perjuring himself or willfully failing to respond fully to a direct question posed during the voir dire examination;

(iv) Receiving a bribe or pledging his vote in any other way;

(v) Becoming intoxicated during the course of the deliberations; or

(vi) Conversing before the verdict with any interested party about the outcome of the case;"

Rule 24.1(d) states:

"Whenever the validity of a verdict is challenged under Rule 24.1(c)(3), the court may receive the testimony or affidavit of any witness, including members of the jury, which relates to the conduct of a juror, official of the court, or third person. No testimony or affidavit shall be received which inquires into the subjective motives or mental processes which led a juror to assent or dissent from the verdict."

The state contends that unless a new trial is sought on one of the six grounds enumerated in Rule 24.1(c)(3), juror testimony is inadmissible. We do not agree. The purpose of Rule 24.1(d) was to reverse the strict Arizona rule which concerned only the use of affidavits and testimony as to *jury misconduct* and not the misconduct of a third person. The use of juror testimony in cases involving the misconduct of third persons, which Justice Struckmeyer approved of in *State v. Pearson*, supra, has always been and continues to be permissible. The fact that the jurors individually confirmed the verdict when polled, does not preclude the granting of a new trial. Cf., *United States ex rel. Tobe*

*v. Vensinger*, 492 F.2d 232, 239 (7th Cir. 1974). *State v. Silvas*, 91 Ariz. 386, 372 P.2d 718 (1962) and *State v. Melcher*, 15 Ariz.App. 157, 487 P.2d 3 (1971), relied on by the state are not apposite because they do not rely on the fact that the jurors were polled, but, stand for the doctrine enunciated in the traditional rule that was in existence prior to the enactment of the new criminal rules. Furthermore, Rule 24.1(d) does not state that juror testimony is available only in cases where the jury has not been polled.

■ We do not believe that the trial judge's equivocation in finding that his bailiff actually made the improper remark precludes him from granting a new trial under Rule 24.1(c)(5)[1] as three jurors thought the bailiff did indeed make such a remark.

■■ The trial court has broad discretion in the matter of granting a new trial. *State v. Villalobos*, 114 Ariz. 392, 561 P.2d 313 (1976). We will not interfere on appeal unless the state can affirmatively show an abuse of this discretion. *State v. Mann*, 117 Ariz. 517, 573 P.2d 917 (App.1977). In the instant case the bailiff allegedly represented to the jurors that the judge said they could not leave without arriving at a decision that evening. In effect, it was as if the trial judge himself had made the same statement to the jury. In *State v. Streyar*, 119 Ariz. 607, 583 P.2d 263 (App.1978), we said:

> "Potentially prejudicial communications between the trial judge and jury, other than in open court in the presence of the defendant and counsel, have mandated reversal in Arizona. (citations omitted) The possibility of coercive effect in the query at issue brings it within that rule." 583 P.2d at 265.

The same possibility of coercive effect exists here. We find no abuse of discretion in granting a new trial.

Affirmed.

HATHAWAY, C. J., and RICHMOND, J., concur.

1. This rule allows the trial court to grant a new trial when it believes the defendant, through no fault of his own, has not received a fair and impartial trial.