688 P.2d 206

**STATE of Arizona, Appellee,**

v.

**Robert Alvarez GARCIA, Appellant.**

**No. 1 CA–CR 6836.**

Court of Appeals of Arizona, Division 1, Department A.

April 19, 1984.

Review Denied Sept. 27, 1984.

---

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Criminal Div., Barbara A. Jarrett, Asst. Attys. Gen., Phoenix, for appellee.

J. Douglas McVay, Phoenix, for appellant.

## OPINION

GRANT, Judge.

Defendant was charged with one count of sexual assault, a class 2 felony, and one count of attempted sexual assault, a class 3 felony, both violations of A.R.S. § 13–1406. After a trial the jury found appellant guilty as charged on both counts. The trial judge sentenced the defendant to a mitigated term of 5.25 years for conviction on the first count and a mitigated term of 3.75 years for conviction on the second count. The sentences were to run concurrently.

This appeal raises the following issues:

1. Whether the trial court erred by refusing to give a jury instruction requested by defendant.

2. Whether the trial court erred in denying a motion for a new trial based upon juror misconduct.

We affirm.

The factual background in a light most favorable to sustaining the result in the trial court is as follows. On April 24, 1982, the victim was lured into the backyard of a Phoenix home and sexually assaulted by a group of men. The victim was forced to have intercourse and commit other sexual acts with numerous men over a three hour period from approximately 2:00 AM until after 5:00 AM. Defendant, who lived next door, was not present when the assault began. Sometime during the crime, defendant noticed the activity in the neighboring yard and joined the men assaulting the victim. While the other men held the victim down, the defendant forced the victim to perform oral sex on him and unsuccessfully attempted to have intercourse with the victim. Later that day, defendant was arrested and charged with the offenses. He pled not guilty and asserted a defense of consent at trial.

## JURY INSTRUCTION

Shortly before the close of evidence, the trial judge and counsel met in chambers to discuss jury instructions. Defense counsel asked that an instruction be given to the jury which read: "Whether consent to sexual act existed at relevant time is an objective fact, not something which can be varied by later decision of the victim. *People v. Smith*, 638 P.2d 1 (1981 Colo.)." The trial judge refused to give this instruction and defense counsel objected by standing on his request. No other reasons for the objection were specified. The trial judge noted that defense counsel did not withdraw the instruction and had vigorously objected to the refusal.

Defendant contends that it was error for the trial judge to refuse to give the requested instruction. The defense was one of consent and defendant argues that he is entitled to a jury instruction on any theory of defense reasonably supported by the evidence. *See State v. Axley*, 132 Ariz. 383, 646 P.2d 268 (1982).

We do not reach the question of whether defendant's proffered instruction was a correct statement of law because the trial court adequately instructed the jury on the issue of consent in its instructions on the elements of sexual assault. The trial judge's instruction established that the jury must find that the victim did not consent before they can find the defendant guilty. It is not error to refuse an instruction where the theory of the refused instruction is adequately covered in other instructions given to the jury. *State v. Britson*, 130 Ariz. 380, 636 P.2d 628 (1981). An instruction that fairly and adequately informs the jury of the legal standards by which the defendant's guilt or innocence is to be determined obviates the need for further instruction. *See State v. Reinhold*, 123 Ariz. 50, 597 P.2d 532 (1979).

## JUROR MISCONDUCT

At trial, the state was allowed to have the chief investigating police officer on the case Detective Robert Giusti of the Phoenix Police Department exempted from the rule excluding witnesses. Detective Giusti remained in the courtroom and assisted state's counsel. This officer testified twice at trial on important elements of the state's case. During the course of the trial Detective Giusti sought and obtained information from court personnel on the marital status of one of the jurors. He later contacted this juror, while the trial was still in progress, with the hope of establishing a personal relationship. Detective Giusti and the juror were seen conversing on at least one occasion during trial and on another occasion after trial.

Defendant's counsel realized the nature of this problem after trial and brought it to the court's attention in a motion for a new trial. Testimony at the hearing of defendant's motion for new trial revealed that the officer and juror discussed personal matters (the juror's attire and nickname), and that none of the conversations concerned

the defendant's trial. The trial judge denied the request for a new trial.

It is defendant's contention that the intentional misconduct of the state's witness may have influenced the deliberations of the jury. Detective Giusti was an important witness for the state, and his personal contact with a juror could have served to unfairly bolster his credibility with this juror.

■ The standard of review is whether the trial court abused its discretion in denying a new trial based upon juror misconduct. *State v. Compton,* 127 Ariz. 420, 621 P.2d 926 (App.1981). Although the behavior of the state's witness is to be severely condemned, a new trial is not required every time a juror has been placed in a potentially compromising situation. *Smith v. Phillips,* 455 U.S. 209, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982). However, we do take this opportunity to chastise Officer Giusti for behavior more suited to a barroom than a courtroom. The mere possibility of causing a mistrial or denying the defendant a fair trial by Officer Giusti's unprofessional conduct weighs heavily on the judicial system. Although not raised by counsel, we note that the conduct of this juror was also improper since she engaged in conversation with Officer Giusti who was a witness. Normally jurors are admonished at the beginning of a trial not to talk with any of the witnesses during the trial. Although that portion of the record is not before us on appeal we assume that the judge so instructed this jury.

■ During the motion for new trial the trial judge heard testimony as to what happened and found no prejudice to the defendant. Our own review of the record reveals that the defendant has failed to show any prejudice. We cannot say the trial judge abused his discretion in not granting a new trial based on such misconduct. *See State v. Rodriguez,* 125 Ariz. 319, 609 P.2d 589 (App.1980).

■ Even though we find no abuse of discretion we feel compelled to state that preservation of the integrity of our judicial system mandates that witnesses and jurors avoid engaging in conversation with each other during a trial. This is particularly so with respect to a state's witness who is permitted to remain in the courtroom and assist the prosecutor. Such a witness should know better.

■ The state further argues that defendant waived this argument by not bringing the alleged misconduct to the court's attention during the trial. *State v. Adams,* 27 Ariz.App. 389, 555 P.2d 358 (1976). The facts of this case are distinguishable from *Adams,* and we find that no waiver occurred here. In *Adams,* the defendant was not only aware of the juror misconduct (visit to defendant's home during trial), but was a willing participant in the misconduct. In the instant case, defendant noticed a conversation between Detective Giusti and the juror but may not have understood or attached any importance to it at the time. Defense counsel also noticed a similar conversation, but did not think to act upon it until he discussed the matter with the defendant after the jury's verdict. In this case defendant took proper steps to raise this issue and it was not waived by any failure to realize its importance prior to deliberations.

For the reasons we have set forth, the conviction and sentence are affirmed.

BROOKS, P.J., and CONTRERAS, J., concur.