22462

Allen W. JACOBS, Respondent v. AMERICAN MUTUAL FIRE INSUR-
ANCE COMPANY OF CHARLESTON, South Carolina, Appellant.

(340 S. E. (2d) 142)

Supreme Court

*Jack L. Nettles,* of *Nettles & Nettles, P.A.,* Florence, *for appellant.*

*John C. Lindsay, Sr.,* and *John C. Lindsay, Jr.,* Bennetts-ville, *for respondent.*

Heard Jan. 8, 1986.

Decided Feb. 4, 1986.

*Per Curiam:*

American Mutual Fire Insurance Company (Insurer) appeals from a jury verdict returned in favor of its insured, Allen W. Jacobs (Jacobs) for property losses.

We affirm.

## FACTS
Jacobs had a fire insurance policy with Insurer. After his home burned to the ground on June 6, 1982, Insurer denied his claim.

Jacobs brought suit. Insurer defended on the ground of arson. The jury returned a verdict of $70,035. The trial judge issued a supplemental order assessing prejudgment interest of $5,934.24 pursuant to S. C. Code Ann. § 34-31-20(A) (Supp. 1984).

## ISSUES
Although Insurer presents several issues on appeal, we find that only two need be addressed:

1. Was it error not to order a new trial after the bailiff communicated with the jury foreman?
2. Was it error to assess prejudgment interest?

## I. NEW TRIAL MOTION
During jury deliberations, Insurer's attorney noticed the jury room door was open, and brought this to the trial judge's attention. The bailiff and the jury foreman were examined by the court. Each testified that the door had been opened so that the foreman could consult with the bailiff in regard to additional instruction from the judge concerning the deductible. After a few moments' discussion, however, the jury decided this was not necessary.

Insurer moved for a new trial on the ground the jurors were subjected to improper outside influence in the course of their deliberation.

Whether or not a new trial should be granted upon the ground of undue influence is addressed to the sound discretion of the trial judge and his decision thereon will not be reversed absent clear evidence of abuse of such discretion. *Zorn v. Crawford*, 252 S. C. 127, 165 S. E. (2d) 640 (1969).

Here, the trial judge conducted an investigation and determined there had been no undue influence on the jury. No abuse of discretion is shown.

### *Jury Inquiries during Deliberation*

The conduct of jurors and bailiffs[1] must be above suspicion throughout the trial of every case. While there was no evidence that any error was committed here, we take this opportunity to instruct bench and bar on the procedure to follow when jurors seek information from the court.

A bailiff or other person in charge must limit his communications with the jury and avoid all comments concerning the case.

If, during deliberation, the jury finds need to review portions of the testimony or to consult the court regarding questions of law, the foreman should inform the bailiff that the jury wishes to consult with the judge. The subject matter of the jury's inquiry should not be discussed at all. The bailiff's single responsibility is to advise the court of the foreman's request. The matter is then completely in the hands of the trial judge.

At commencement of jury deliberation, bailiffs and jurors should be instructed concerning this procedure.

### II. PREJUDGMENT INTEREST

The trial judge ordered Insurer to pay interest on the judgment from 60 days after the date of loss. The policy contains no provision as to prejudgment interest or as to when it should begin to run. Insurer contends Jacobs was not entitled to any interest.

---

[1] This will also include any other person in charge of a jury.

Where interest is not expressly excluded by contract, a court may exercise discretion to award it as an element of damage. *Knight v. Sullivan Power Co.*, 140 S. C. 296, 138 S. E. 818 (1927); *Cogsdill v. Metropolitan Life Ins. Co.*, 158 S. C. 371, 155 S. E. 747 (1930).

> Only by allowing interest in a case involving loss of, or damage to, property, unless such allowance is expressly excluded, can the damaged party be restored to the position which it would have occupied if the party in default had fulfilled its duty in the premises. A party who fails to perform a duty in these circumstances is justly bound to make good all damages that accrue naturally from a breach, and a party who has had the use of money owed to another may justly be required to pay interest from the time the payment should have originally been made.

*Myrtle Beach A.F.B. Fed. Credit Union v. Cumis Ins. Society*, 507 F. Supp. 794 (D. S. C. 1981).

This issue was determined adversely to Insurer's position in a recent decision of our Court of Appeals, which affirmed an award of prejudgment interest. *See Flynn v. Nationwide Mut. Ins. Co.*, 281 S. C. 391, 315 S. E. (2d) 817 (Ct. App. 1984). In *Flynn*, as here, the insurer's defense was arson, which was not established at trial. The Court reasoned

> [i]t would ordinarily seem proper to allow an insurer a reasonable period to investigate a claim as Nationwide argues. However, once that period is over and the insurer still refuses to pay a claim for which it is liable, in the absence of a policy provision to the contrary, interest *should be computed from the date of the loss.* [Emphasis supplied.]

281 S. C. at 396, 315 S. E. (2d) at 821.

Here, the trial judge fixed the period from which interest would begin to run at 60 days from the date of loss. This is more favorable to Insurer than the rule enunciated in *Flynn*. Its contention that Jacobs was not entitled to interest at all is without merit.

S. C. Code Ann. § 34-31-20(A) (Supp. 1984) provides

> In all cases of accounts stated and *in all cases wherein any sum or sums of money shall be ascertained and, being due*, shall draw interest according to law, the legal interest rate shall be at the rate of eight and three-fourths percent per annum. [Emphasis supplied.]

Here, the jury, by clear implication, "ascertained" the judgment as "being due" on the date of the loss. The court correctly applied § 34-31-20 as a matter of law.

## III. REMAINING ISSUES

Based upon oral argument and a careful consideration of the record and briefs, we are of the opinion that the remaining exceptions present no errors of law and that a written opinion would be without precedential value. Accordingly, the judgment of the trial court in these respects is affirmed under Supreme Court Rule 23.

Affirmed.