0665

Hugh Lee JONES, Appellant v. J. M. BENNETT, Jr., Respondent.

(348 S. E. (2d) 365)

Court of Appeals

*James H. Moss,* of *Moss, Bailey & Dore,* Beaufort, *for appellant.*

*Robert V. Mathison, Jr.,* Hilton Head Island, *for respondent.*

GARDNER, Judge:

Jones (the plaintiff) sued Dr. J. M. Bennett, Jr., (the defendant) for alienation of affection; the complaint demanded $150,000 damages. The jury first returned a verdict for $300,000; the trial judge instructed the jury that the verdict could not exceed the amount prayed for, and required the jury to redeliberate; the jury then returned a verdict for $150,000, the amount prayed for. After the second verdict

was published, defendant's attorney notified the trial judge that he had been informed of remarks made by an employee of the tax collector's office, Mrs. Smith, to two jurors. After taking the testimony of Mrs. Smith and another employee of the tax collectors office and the two jurors, the trial judge set aside the verdict. We reverse.

At issue are whether (1) the trial judge erred in limiting the verdict to the ad damnum clause of the complaint and (2) the trial judge erred in setting aside the verdict.

First, Rule 54(c), S.C.R.C.P.,[1] provides: Except as to a party against whom a judgment is rendered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.

It has long been held that relief is not limited by the prayer of the complaint if an answer is filed and the relief is consistent with the case made. *Christopher v. Christopher*, 18 S. C. 600 (1882).

Professor Lightsey states the pertinent rule in South Carolina as follows:

The main function of the prayer is to serve as the basis for the judgment of the court in the matter. Even this role is significant, however, only in the event of default by the defendants, since, if there is an answer by the defendant, the court may grant relief not requested in the complaint that is consistent with the case made. H. M. Lightsey, Jr., South Carolina Code Pleading, p. 101 (1976).

The jury in this case found damages of $300,000. The trial judge made no finding that these damages were inconsistent with the case made by the plaintiff. We hold that it was reversible error to set aside the $300,000 verdict.

Next, we address the issue presented by the remarks made to the two jurors by employees of the tax collector's office. The jurors, who wore juror stickers on their blouses, were

---

[1] This new rule is consonant with the statute it replaces, Section 15-35-70, Code of Laws of South Carolina (1976), *repealed by* 1985 S. C. Acts 100.

going back to the courtroom after lunch; for unknown reasons, the two jurors stopped in the tax collector's office. One of them approached Mrs. Smith, of the tax collector's office, by saying that she used to work for Mrs. Smith's father. The conversation lasted three minutes or less. In pertinent part, Mrs. Smith observed that the jurors were on the jury and said that she knew Mr. Jones' children and "that they had had a hard time through it all." The other employee, a Mrs. Daley, said that Mrs. Smith said that it was a tough case and Mrs. Daley then said that she said, "not only his children but the other children, too." It is important that neither juror made responses to the comments. When examined, the two jurors involved denied hearing the remarks.

After being informed by defendant's attorney about the alleged remarks, the court made an inquiry which, in essence, revealed the above epitome. The court then ruled:

> The court is convinced beyond any reasonable doubt that the conversation between Mrs. Smith and Mrs. Wright, a juror, occurred in the presence of Mrs. Darien, the forelady of the jury, and that the conversation is of such a character as is calculated to impress the case upon the mind of the juror in a different aspect than was presented in the trial. 58 Am. Jur. (2d), *New Trial*, Section 109 [(1971)]. The verdict cannot be permitted to stand as justice can be satisfied only by the complete relief of a new trial. For the foregoing reasons, it is:

> ORDERED that the verdict of the jury be, and the same hereby is, set aside, and that the motion of the defendant for a new trial be, and the same hereby is, granted.

After careful consideration and exhaustive research, we would have no difficulty affirming the trial judge in setting aside a jury verdict because of contact with a juror where (1) the contact was made in an effort to influence the juror by or on behalf of a party in whose favor the verdict was rendered *or* (2) the contact was such as would obviously influence the juror *or* (3) the trial judge

finds the contact either influenced or probably influenced the juror.[2]

However, none of these things appears here. The contact was made by a person not connected with Jones in any way. While it is possible the jurors may have been influenced, what was said to them appears relatively insignificant. More importantly, the trial judge did not find the contact either influenced or probably influenced the jurors. Accordingly, we hold the trial judge erred as a matter of law in setting aside the verdict.[3]

For the reasons stated, the judgment below is reversed, and the case is remanded with direction that a verdict be entered for the plaintiff in accordance with this decision.

Reversed.

SANDERS, C. J., and BELL, J., concur.

## ORDER

After the opinion was filed in this case and before the judgment had been remitted, respondent J. M. Bennett, Jr. petitioned for rehearing on a number of grounds. Upon the filing of the petition, the Clerk stayed remittitur until the petition could be ruled upon as provided by Rule 17, § 2, Rules of Practice in the Supreme Court of South Carolina.

While the petition for rehearing was pending, counsel for both parties advised the Clerk that an agreement had been reached to settle the case and requested that further action be held in abeyance pending completion of the settlement.

---

[2] See Annot., 64 A.L.R. (2d) 158 (1959); Genuario v. Finkler, 136 Conn. 500, 72 A. (2d) 57 (1950); Kreig v. Grant, 248 Iowa 396, 80 N. W. (2d) 724 (1957); Pillsbury-Ballard v. Scott, 283 S. W. (2d) 387 (Ky. 1955); Russell v. Pere Marquette Railroad Co., 245 Mich. 624, 223 N. W. 230 (1949) cert. denied, 279 U. S. 864, 49 S. Ct. 480, 73 L. Ed. 1003 (1928); Stone v. Griffin Baking Co., 257 N. C. 103, 125 S. E. (2d) 363 (1962); Noble v. McAlister Dairy Farms, Inc., 52 Ohio App. 52, 114 N. E. (2d) 540 (1952); Curry v. Wilson, 301 Pa. 467, 152 A. 746 (1930); Schoenrock v. Eib, 75 S. D. 613, 71 N. W. (2d) 82 (1955); Hines v. Parry, 238 S. W. 886 (Tex. 1922); Palm v. Churnowsky, 28 Tex. Civ. App. 405, 67 S. W. 165 (1902); Sun Life Assurance Co. v. Cushman, 22 Wash. (2d) 930, 158 P. (2d) 101 (1945); 47 Am. Jur. (2d) Jury Selection 300 (1969).

[3] This decision is consonant with Jacobs v. American Mutual Fire Insurance Company of Charleston, South Carolina, 287 S. C. 538, 340 S. E. (2d) 142 (1986) since we find an error of law.

Thereafter, counsel for both parties jointly filed a stipulation by which they agree that the case has been settled and stipulate "that said action should be dismissed with prejudice with each party bearing his own costs."

NOW THEREFORE, as per agreement of counsel for both parties, this case is hereby dismissed.

And it is so ordered.