23554

Leneace BLAKE, by her Guardian ad Litem, Deborah ADAMS, Respondent
v. SPARTANBURG GENERAL HOSPITAL, Cardiovascular Anesthesia, P.A., Mazen Al-Sawaf, and Cheryl Alexander, Appellants.

(413 S.E. (2d) 816)

Supreme Court

*William U. Gunn*, of *Holcombe, Bomar, Cothran & Gunn, P.A.*, Spartanburg, for *appellant Spartanburg General Hosp.*

*William M. Hagood, III*, of *Love, Thornton, Arnold & Thomason*, Greenville, for *appellants Cardiovascular Anesthesia, P.A.* and *Mazen Al-Sawaf.*

*Cary C. Doyle* and *John M. O'Rourk*, Anderson, *for appellant Cheryl Alexander.*

*Charles L. Henshaw, Jr.*, of *Furr & Henshaw, P.A.*, Columbia, and *O. Fayrell Furr, Jr.*, of *Furr & Henshaw, P.A.*, Myrtle Beach, *for respondent.*

Submitted Nov. 21, 1991.

Decided Jan. 13, 1992.

HARWELL, Justice:

The primary issue before this Court is whether the trial judge erred in granting respondent Leneace Blake (Blake) a new trial on the grounds that a bailiff's comments may have influenced jury deliberations. We affirm.

## I. FACTS

Blake underwent coronary bypass surgery in 1987 at Spartanburg General Hospital. She allegedly was administered an excessive amount of potassium. She experienced cardiac arrest while in the operating room, but was resuscitated. Blake thereafter brought a medical malpractice action, alleging she suffered brain damage as a consequence of the cardiac arrest, which she further alleged resulted from the improper administration of potassium. The jury returned a verdict for appellants.

Some days after trial Blake's attorneys were informed that a bailiff made comments to a juror urging the jury to reach a verdict. The bailiff allegedly made statements to the effect that the trial judge did not like a hung jury, and that a hung jury places an extra burden on taxpayers. The trial judge held an evidentiary hearing at which each juror and bailiff involved in the trial was questioned. The trial judge found that a bailiff made improper comments to two jurors, one of whom was the foreperson, and that the comments were relayed to the remaining jurors by the foreperson on the second day of deliberations. The trial judge granted Blake a new trial on the grounds that "a possibility of coercive effect" resulted from the bailiff's comments.

## II. DISCUSSION

Appellants assert that the trial judge erred in granting respondent's motion for a new trial. We disagree.

The trial judge based his ruling on *Jones v. Bennett*, 290 S.C. 96, 348 S.E. (2d) 365 (Ct. App. 1986), in which the court held that a jury verdict may be set aside because of contact with a juror when:

(1) the contact was made in an effort to influence the juror by or on behalf of a party in whose favor the verdict was rendered *or;*

(2) the contact was such as would obviously influence the juror *or;*

(3) the trial judge finds the contact either influenced or probably influenced the juror.

*Id.* at 98-99, 348 S.E. (2d) at 366. The trial judge interpreted *Jones* as articulating criteria a trial judge should utilize in order to determine whether remarks made to a jury necessitate the setting aside of a jury verdict. We think the trial judge misconstrued the holding in *Jones* as limiting his discretion solely to a consideration of the *Jones* criteria. We hold that *Jones* enumerates some, but not all, factors a trial judge may consider when deciding whether to set aside a jury verdict.

The trial judge also discerned, based on *State v. Compton,* 127 Ariz. 420, 621 P. (2d) 926 (1980), that "insider" comments, such as those made by an officer of the state, inherently produce a greater possibility of coercive effect on a jury than comments made by "outsiders." We again decline to limit a judge's discretion by adopting the *Compton* court's presumption. We hold that a determination of whether any person has a coercive effect on a juror because of any reason is a matter addressed to the sound discretion of the trial judge who is considering the impact of a communication on jury deliberations.

In *Jacobs v. American Mutual Fire Insurance Co.,* 287 S.C. 541, 340 S.E. (2d) 142 (1986), decided the month before *Jones,* this Court reiterated that a trial judge in his discretion may grant a new trial upon the ground of undue influence, and his decision thereon will not be reversed absent clear evidence of abuse of discretion. *Id.* at 543, 340 S.E. (2d) at 143 (citing *Zorn v. Crawford,* 252 S.C. 127, 165 S.E. (2d) 640 (1969)). We require clear evidence of an abuse of discretion because the trial judge has the opportunity to view the trial, the character and intelligence of the jurors, and "to consider the verdict in the light of the evidence . . . [to] determine whether the verdict has so little support as to indicate corrupt or improper influence." *McGill Bros. v. Seaboard Air Line Ry.,* 75 S.C. 177, 180, 55 S.E. 216, 217 (1906). Accordingly, we examine the record in order to determine whether the trial

judge abused his discretion in granting a new trial on the grounds that the jury verdict may have been influenced by the bailiff's remarks.

A bailiff or other person in charge must limit his communications with the jury and avoid all comments concerning the case. *Jacobs*, 287 S.C. at 543, 340 S.E. (2d) at 143. However, a bailiff's remarks to a juror are not per se grounds for setting aside a jury verdict. The test is whether the verdict was solely the result of honest deliberation on the case as publicly developed at trial, or whether there is reason to suppose outside influences entered into it as a factor. *McGill Bros.*, 75 S.C. at 181, 55 S.E. at 217. Every case of this kind must be decided on its own facts. *Id.*

Appellants contend that the bailiff's remarks to the jurors were not improper because a trial judge may raise the same concerns with the jury about the necessity of reaching a verdict. This Court has upheld jury verdicts when a trial judge has urged jurors to consider the time and expense a trial entails and the importance of their reaching a verdict. *See, e.g., Nickles v. Seaboard Air Line Ry.*, 74 S.C. 102, 54 S.E. 255 (1906). But in so encouraging jurors, a trial judge has the duty to ensure that no juror feels compelled to sacrifice his conscientious convictions in order to concur in the verdict. *Id.; see also Terry v. Richardson*, 123 S.C. 319, 116 S.E. 273 (1922).

Here, we find that the trial judge was correct in distinguishing the bailiff's remarks from those the trial judge would have made in open court. The bailiff's comments were made outside the presence of the trial judge and counsel. It was a mere fortuity that the bailiff's communication was made known to the trial judge. Moreover, the bailiff's remarks were not offset by a statement that each juror should not surrender his conscientious convictions merely to reach an agreement. Thus, we find that, under the facts of this case, the trial judge did not abuse his discretion in setting aside the jury verdict and granting Blake a new trial. Administration of the law should be above any possibility of taint, criticism, or suspicion of impurity. *Davis v. Littlefield*, 97 S.C. 171, 81 S.E. 487 (1914).

Appellants also assert that the trial judge erred in conducting an evidentiary hearing, and in allowing juror testimony to impeach the verdict. We disagree. It is

within the discretionary power of the trial court to decide whether to examine a juror. *Campbell v. Paschal*, 290 S.C. 1, 347 S.E. (2d) 892 (Ct. App. 1986). We also find no evidence that the trial judge allowed juror testimony to impeach the verdict. The trial judge specifically limited questions to the facts surrounding the bailiff's contact and each juror's perception of those facts. Even if the trial judge heard testimony tending to impeach the verdict, we find no evidence that he considered improper testimony in reaching his conclusion that the facts mandated a new trial.

Appellants additionally assert the trial judge erred in admitting speculative expert testimony and in denying appellants' motion for a directed verdict. In reviewing these issues, we must consider the evidence and all reasonable inferences that can be drawn therefrom in the light most favorable to the respondent. *Henselmann v. McCardle*, 275 S.C. 46, 267 S.E. (2d) 531 (1980). We have reviewed the extensive record submitted in this case, and find no error.

The order of the trial judge setting aside the jury verdict and granting Blake a new trial is

Affirmed.

GREGORY, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.