UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

NATIONAL ENTERPRISES,
INCORPORATED,
<u>Plaintiff-Appellee,</u>

v.

SOUTH CAROLINA INSURANCE

COMPANY,
<u>Defendant-Appellant,</u>

v.

JON F. CARMAIN; LINDA B. CARMAIN,
<u>Third Party Defendants.</u>

No. 97-2185

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Matthew J. Perry, Jr., Senior District Judge.
(CA-96-1381-3-10)

Submitted: September 15, 1998

Decided: October 29, 1998

Before WIDENER and HAMILTON, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William B. Woods, Donna Seegars Givens, WOODS & GIVENS,
Lexington, South Carolina, for Appellant. David W. Robinson, II, D.

Clay Robinson, ROBINSON, MCFADDEN & MOORE, P.C.,
Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

## OPINION

PER CURIAM:

The South Carolina Insurance Company (SCIC) appeals from the
district court's order awarding summary judgment to National Enter-
prises, Inc., (NEI) on its action to recover under a flood insurance pol-
icy issued by SCIC. For the reasons that follow, we affirm.

The relevant facts are undisputed. In 1980, Jon and Linda Carmain
purchased a cottage in Nags Head, North Carolina, which they
financed through Atlantic Permanent Federal Savings and Loan.
SCIC issued a flood insurance policy on the property. After the prop-
erty was destroyed by storms in late 1991 and early 1992, the Car-
mains made no further mortgage payments on the note which, by that
time, had been assigned to Trustbank and later to the Resolution Trust
Corporation (RTC). In 1993, the Carmains sued SCIC to recover on
the flood insurance policy and obtained a default judgment which
SCIC ultimately paid.

In 1995, NEI acquired the mortgage and note and brought this
action against SCIC to recover under the flood insurance policy. The
district court found that under the plain terms of the policy, NEI was
the primary insured and thus entitled to full payment. Rejecting each
of SCIC's defenses, the district court awarded summary judgment in
favor of NEI. SCIC appeals, raising six claims.

We review a grant of summary judgment de novo. See Higgins v.
E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988).
Summary judgment is appropriate only when the court, viewing the

2

record as a whole and in the light most favorable to the non-moving party, finds there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986).

First, SCIC contends that NEI is not entitled to payment of the proceeds because it was not an "insured person" under the terms of the policy. The policy provides that "persons insured" include "any mortgagee . . . named in the application and declaration page." SCIC claims that because NEI's name does not appear in the Declaration Pages for 1991 and 1992, it was not an "insured person." The policy states that any loss "shall be payable to the aforesaid as mortgagee (or trustee) as interest may appear under all present or future mortgages upon the property described in which the aforesaid may have an interest." The amendment to the declaration page issued by SCIC for the year January 22, 1991 through January 22, 1992, lists Trustbank as mortgagee. We agree with the district court's conclusion that, when NEI purchased the note and mortgage from the RTC, it acquired the interests of its predecessor owners under the flood insurance policy. Accordingly, the district court properly determined that NEI was an "insured person" entitled to the policy proceeds.

Second, SCIC contends that the district court erred in applying the South Carolina doctrine of election of remedies because NEI had earlier filed suit on the note against the Carmains in Colorado state court. The district court properly declined to apply the South Carolina rule which bars double recovery because NEI did not recover from the Carmains. See Save Charleston Found. v. Murray , 333 S.E.2d 60, 63-64 (S.C. Ct. App. 1985) ("When an identical set of facts entitles the plaintiff to alternative remedies, he may plead and prove his entitlement to either or both; however, the plaintiff may not recover both."). The mere possibility that SCIC may have to pay twice is not sufficient to invoke the doctrine.

Third, SCIC contends that the district court erred as a matter of law by rejecting its defense of laches. NEI acquired the note in July 1995 and contacted SCIC the following month--before SCIC paid the Carmains on the default judgment--and then brought this action in May 1996. We find that the record reveals no lack of diligence by NEI nec-

3

essary to support SCIC's defense of laches. See Mogavero v. McLucas, 543 F.2d 1081, 1083 (4th Cir. 1976) (holding that defense of laches requires proof of both lack of diligence by the party against whom the defense is asserted and prejudice to the party asserting the defense).

Fourth, SCIC claims that the district court erred in finding that it had actual notice of NEI's status as successor mortgagee. The policy required payment to a mortgagee either if the mortgagee was listed on the declaration page of the policy or if "the insurer has actual notice prior to the payment of loss proceeds under the policy." It is undisputed that NEI contacted SCIC prior to its payment to the Carmains on the default judgment.

SCIC claims, as its fifth assignment of error, that the district court erred in rejecting the forum selection clause in the policy. The flood policy required that any claim be filed "in the United States District Court for the district in which the insured property was located at the time of loss"--in this case, the Eastern District of North Carolina. The district court rejected the clause for two reasons. First, the property had been completely destroyed and was, therefore, unavailable for viewing or inspection by a jury. Second, NEI had unsuccessfully attempted to intervene in an action between the Carmains and SCIC which was filed in the Eastern District of North Carolina. Therefore, the district court concluded, "NEI had reason to abandon the Eastern District of North Carolina in favor of this District encompassing the SCIC home office."

A forum selection clause is generally binding and will be enforced unless enforcement is "`unreasonable' under the circumstances." See The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972). A choice of forum provision may be found unreasonable if (1) its formation was induced by fraud or overreaching; (2) the complaining party "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) its enforcement would contravene a strong public policy of the forum state. See Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595 (1991).

4

NEI failed to establish one of the above grounds for setting aside the forum selection clause. Nevertheless, we find any error by the district court on this issue was harmless for two reasons. First, SCIC has failed to show how it was prejudiced by the rejection of the clause, given that it did not have to defend the suit in a foreign jurisdiction. Second, SCIC has not presented any evidence to establish that the result would have been any different had the case been tried in North Carolina.

Finally, SCIC maintains that the district court erred as a matter of law in calculating actual damages. Specifically, SCIC claims that the assessment of prejudgment interest on the outstanding principle balance of the mortgage as of the date of loss (November 21, 1991) is "patently unjust in light of the parties' actions." (See Brief of Appellant, p. 12). South Carolina law provides for prejudgment interest on actions for sums certain. See S.C. Code Ann.§ 34-31-20(A) (Law. Co-op 1987). Interest runs from the date of the loss. See Jacobs v. American Mut. Fire Ins. Co., 340 S.E.2d 142 (S.C. 1986); Flynn v. Nationwide Mutual Ins. Co., 315 S.E.2d 817 (S.C. Ct. App. 1984). Accordingly, the district court correctly included prejudgment interest in its order awarding judgment to NEI.

For the foregoing reasons, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED