801 P.2d 1177

The STATE of Arizona, Appellee,

v.

Edward Palacio APODACA,
Jr., Appellant.

No. 2 CA–CR 89–0331.

Court of Appeals of Arizona,
Division 2, Department B.

Feb. 15, 1990.
Redesignated as Opinion March 20, 1990.
Review Denied Dec. 18, 1990.

Robert K. Corbin, Atty. Gen. by Jessica Gifford Funkhouser and Mark E. Dwyer, Phoenix, for appellee.

Roer & Hamilton by Lynn T. Hamilton, Chandler, for appellant.

## OPINION

FERNANDEZ, Chief Judge.

After a six-day jury trial, appellant was convicted and sentenced to prison terms ranging from seven to 17.75 years for the following crimes: one count of possession of a narcotic drug for sale, one count of conspiracy to sell a narcotic drug, two counts of sale of dangerous drugs, and five counts of sale of a narcotic drug. Seven issues are raised on appeal and, finding no reversible error, we affirm.

First, appellant claims the court erred in permitting the state to impeach him with an incriminating statement obtained in violation of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). While they were searching appellant's residence pursuant to a search warrant, the police permitted appellant's mother to telephone appellant who was in the Pinal County Jail. After his mother spoke to him, she handed the phone to a police officer who then spoke to appellant. Appellant told the officer his mother was upset and asked when the police would be leaving. The officer told appellant they would leave when they found what they were looking for and he could help them leave sooner if he told them where it was. Appellant then told the officer to look in a certain kitchen cabinet where he found cocaine. After a voluntariness hearing, the court ruled that appellant's statement was obtained in violation of *Miranda.* It precluded the state from using the statement in its case-in-chief but ruled that it could be used for impeachment purposes if appellant testified. The court refused to suppress the cocaine, determining that it would have been inevitably discovered. Appellant does not appeal from that ruling.

█ During its case-in-chief, the state examined the police officer but did not question him about the telephone conversation or appellant's statement. It was only after appellant testified on direct examination, claiming innocence and entrapment, that the state asked appellant during cross-examination about the phone call and his statement. Our supreme court follows *Harris v. New York,* 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971), which permits a defendant to be impeached by statements that violate *Miranda. State v. Carrillo,* 156 Ariz. 125, 750 P.2d 883 (1988). In that case, our supreme court stated, "The state is forbidden to make direct use of a voluntary confession taken in violation of *Miranda.* However, the state may use such a confession to impeach a defendant who takes the stand." 156 Ariz. at 131, 750 P.2d at 889. We find no error.

█ Secondly, appellant contends the court erred in refusing to sever his cases. He was indicted under two different cause numbers, the first for drug transactions involving cocaine that occurred between March 23 and July 6, 1988, and the second for two transactions involving PCP and a conspiracy count involving cocaine that occurred in August 1988. Appellant's counsel moved to consolidate the cases in October 1988 on the ground that the two cases:

> are of the same or similar character, are based on the same conduct or are otherwise connected together in their commission; and are alleged to have been a part of a common scheme or plan. Defense

submits that the ends of justice will not be defeated thereby.

At the start of trial, the same counsel orally moved to sever the cases, claiming that appellant's defenses were inconsistent because his defense to the first indictment was entrapment and his defense to the second was that the sales never took place. The court denied the motion. On appeal, appellant contends that the court improperly denied his motion. We disagree. Appellant waived his right to sever by having first moved to consolidate. Even if he did not waive the right, however, he has failed to show that the court abused its discretion in denying the motion.

Next, appellant contends the court erred in failing to order drug tests to be conducted on one of the prosecution's witnesses in order to establish his competency to testify. The witness admitted he had used drugs in the past. At trial, his speech was difficult to understand. The witness explained that he was tired from lack of sleep because of a death in his family and that his speech was always difficult to understand. The witness specifically denied that he was under the influence of drugs at the time of trial. The trial court found there was no indication that the witness was under the influence of drugs and denied the request for drug testing.

■ Witness competency is a question within the trial court's discretion. *State v. Arriola*, 99 Ariz. 332, 409 P.2d 37 (1965). In general, that discretion should be exercised in favor of allowing testimony. *State v. Piatt*, 132 Ariz. 145, 644 P.2d 881 (1981). Arizona appellate courts have previously refused to overturn trial court rulings allowing a witness to testify despite evidence that the witness was known to be a user of narcotics. *State v. Ballesteros*, 100 Ariz. 262, 413 P.2d 739 (1966); *State v. Arriola, supra*. Competency determinations are fact-intensive, and an appellate court should not overrule the trial court unless the record absolutely demands it. *Davis v. Weber*, 93 Ariz. 312, 380 P.2d 608 (1963). The trial court here observed the appearance and demeanor of the witness and determined that drug tests were not called

for. We find no abuse of discretion in the court's ruling.

■ Appellant's fourth claimed error is the court's denial of his motion to dismiss the conspiracy count. He argues there was insufficient evidence of an overt act in furtherance of the conspiracy to support the charge. The state contended that appellant's act of driving the police informant several places in an attempt to obtain cocaine was a sufficient overt act to support the count. Appellant admitted he drove around town but claims that he was merely attempting to get the informant to stop asking appellant to sell him drugs. Thus, there was a fact question on the existence of an overt act in furtherance of the conspiracy that the trial court properly submitted to the jury. *See State v. Verive*, 128 Ariz. 570, 627 P.2d 721 (App.1981). We find no error.

Appellant's fifth claim deals with juror misconduct. After the jury retired to deliberate, the undercover police officer who had purchased drugs from appellant reported that two of the jurors had briefly spoken to him. The first juror told him, "Be careful. I will pray for you." The officer stated that he told her, "Thank you," and nothing further was said. The second juror told him that one of the other jurors wanted to talk to him after the trial. The court denied appellant's counsel's request for a conference with the jurors. Appellant argues on appeal that the court's failure to conduct an in camera hearing was error.

■ Jurors and witnesses should avoid any type of conversation or contact during trial. *State v. Garcia*, 141 Ariz. 580, 688 P.2d 206 (App.1984). However, improper juror communication with a witness during trial is not grounds for mistrial unless the defense establishes that the misconduct was prejudicial or prejudice may be fairly presumed. *State v. Vasquez*, 130 Ariz. 103, 634 P.2d 391 (1981). Trial courts have considerable discretion to determine whether juror misconduct requires a mistrial or other corrective action, and the trial court's

decision will not be overturned absent a clear abuse of that discretion. *State v. Garcia, supra.* Here, the court determined that the remarks were not sufficiently prejudicial to require further action. Because the trial judge was in the best position to assess the importance of the remarks, we find no abuse of discretion in its ruling.

■ Appellant's sixth claim of error is that although the court correctly instructed the jury on entrapment, it erred in not giving an additional instruction orally requested by appellant. Appellant requested the court to instruct the jury to the effect that "it is entrapment if the police officer uses inducements, such as appeals to friendship, in order to get the defendant to sell cocaine."

The court gave the following instructions on entrapment:

The defendant has introduced the defense of entrapment. Entrapment means that the following three things occurred:

1. The idea of committing the crime started with the law enforcement officer[s] or their agents rather than with the defendant; and,

2. The law enforcement officers or their agents urged the defendant to commit the crime; and,

3. The defendant was not predisposed to commit the type of crime charged before the officers or their agents urged him to commit it.

If you determine that the defendant was entrapped, you must find the defendant not guilty.

The defense of entrapment is not established if the defendant was ready and willing to violate the law and the law enforcement officers or their agents merely afforded him the opportunity to commit the crime.

It is not entrapment for law enforcement officers merely to use a ruse or to conceal their identity, although these are facts which you may consider in determining whether entrapment of the defendant took place.

Now, the State must prove beyond a reasonable doubt that the defendant was not entrapped.

We agree with the trial court that the instructions given adequately covered the defense of entrapment and that the evidence did not require that appellant's requested instruction be given.

■ Finally, appellant contends that the court erred in not granting a mistrial because of references by two witnesses to appellant's other bad acts. Appellant orally moved in limine prior to the start of trial to preclude the state from referring to appellant as "Pinal County's largest drug dealer." The state informed the court that its witnesses had been instructed not to make that statement. The court ruled that the state was entitled to introduce evidence of other drug transactions in order to refute appellant's entrapment defense.

Midway through the undercover officer's direct examination, he testified that appellant had told him he could obtain some crystals so they would not have to pay for long distance telephone calls to conduct drug sale negotiations. At the end of his direct examination, appellant's counsel complained that the remark was prejudicial. After further discussion, he moved for a mistrial. The court instructed the jury to disregard any implication of illegal activity in the statement.

During appellant's cross-examination of the informant who testified with regard to the charges on the second indictment, the informant stated, "The reason I kept showing up, Edward would drop me off eight balls every two days." The court denied appellant's motion for mistrial and instructed the jury to disregard the statement. Shortly thereafter, the witness, in responding to appellant's counsel's question, "What is the proof that he gave it to you?" stated, "Hey, I don't have PCP. He cooks

it behind his house. I was there." Appellant's counsel moved to strike the statement. The court granted the motion and instructed the jury to disregard the statement. Appellant now contends the court erred in not granting a mistrial. We find no error, especially in light of the fact that appellant's motion in limine concerned only one statement, one that was not mentioned in the testimony.

Affirmed.

LIVERMORE, P.J., and LACAGNINA, J., concur.