861 P.2d 1188

**Nancy ZIMMER, a widow, Plaintiff–Appellant,**

v.

**George O. PETERS and Caroline Peters, husband and wife, Defendants–Appellees.**

**No. 1 CA–CV 91–0103.**

Court of Appeals of Arizona, Division 1, Department C.

Sept. 28, 1993.

---

Patrick Mahoney & Associates, P.C. by Patrick E. Mahoney, Chicago, IL, and John S. Schaper, Phoenix, for plaintiff-appellant.

Teilborg, Sanders & Parks, P.C. by Bradley R. Jardine and Rick N. Bryson, Phoenix, for defendants-appellees.

## OPINION

GARBARINO, Presiding Judge.

Nancy Zimmer (plaintiff) appeals from the trial court's grant of summary judgment in favor of the defendants, George and Caroline Peters. Our focus is on the trial court's finding that the plaintiff's testimony lacked credibility and that she was therefore incompetent to testify, which justified granting the defendants' motion for summary judgment. We reverse and remand.

On appeal, we view the facts in the light most favorable to the plaintiff, the party against whom summary judgment was entered. *See Zuck v. State*, 159 Ariz. 37, 39, 764 P.2d 772, 774 (App.1988).

On July 10, 1987, the plaintiff was a passenger in a golf cart driven by George Peters. The plaintiff fell from the cart, suffering serious head injuries. In the trial court, the plaintiff alleged that the defendant was driving the cart at a high speed and made a "violent and sharp left turn," which caused her to be thrown from the cart.

The defendants filed a motion for summary judgment in which they disputed the plaintiff's allegations of negligence, asserting that the defendant was driving only five miles per hour and did not make a sudden turn.

In response to the motion for summary judgment, the plaintiff presented her own deposition testimony in which she testified that at the time of the accident, the defendant was driving at an excessive speed and made an unexpected and sharp left turn. As a result, she testified, she "flew" from the cart.

The defendants challenged the plaintiff's deposition testimony, asserting she was incompetent to testify. In support, they produced an affidavit from Dr. Ronald Hadden, a neurologist who conducted a single examination of the plaintiff at the defendants' request and who concluded that the plaintiff was unable to recount the circumstances regarding her injury and was incompetent to recount how the injury occurred. Specifically, his affidavit sets forth:

> She was injured when she fell out of a golf cart and hit her head. She suffered a head injury which has severely affected her core memory capability. She is not an accurate historian. Specifically, she is unable to recount the circumstances surrounding her injury. Due to the extent of her injury and the mechanism of it, she is not mentally competent to accurately recount how that injury occurred.

The defendants also presented the deposition testimony of three neurologists who treated the plaintiff in Evanston, Illinois, shortly after the accident. According to Dr. Barbara Trommer, the plaintiff's first memory after the accident was when the sutures were removed from her head. She also testified that the plaintiff suffered from retrograde amnesia, which she described as "a loss of memory for events that occurred prior to the moment of impact during an injury." Dr. Trommer also stated that she believed someone else had told the plaintiff details about the accident because there was a period of time during which the plaintiff had no memory, but about which she was able to recount events that had occurred. Dr. Thomas Frost testified that he had a difficult time ascertaining historical data on the plaintiff because of her memory deficit. Finally, Dr. Jeffrey Cuzzens testified that the plaintiff had told him that the accident occurred when the cart in which she was riding was struck by another golf cart. The defendants also offered the transcript of the plaintiff's deposition, asserting that it demonstrated her incompetency to testify.

The trial court found that the plaintiff's "testimony has no competency" and that the plaintiff's "testimony does not bear a sufficient degree of credibility to allow this case to proceed...." The court granted the defendants' motion for summary judgment. The plaintiff filed a timely notice of appeal. We have jurisdiction pursuant to Arizona Revised Statutes Annotated (A.R.S.) section 12–2101(B).

The plaintiff's only evidence of the defendants' negligence consisted of her own testimony. If the plaintiff was properly determined to be incompetent, summary judgment would be appropriate. *See Orme School v. Reeves*, 166 Ariz. 301, 310, 802 P.2d 1000, 1009 (1990) (defendant may obtain summary judgment by demonstrating that the plaintiff cannot make out a prima facie case).

A person is presumed competent to testify as a witness in a civil proceeding. As stated in A.R.S. section 12–2201(A), "Every person, including a party, may testify in

any civil or criminal proceeding, or before any person who has authority to receive evidence, except as otherwise expressly provided by law." *See also* Ariz.R.Evid. 601 ("Every person is competent to be a witness except as otherwise provided in these rules or by statute.")

Exceptions to the presumption of competency are provided by A.R.S. section 12–2202, which states:

> The following shall not be witnesses in a civil action:
>
> 1. Persons who are of unsound mind at the time they are called to testify.
>
> 2. Children under ten years of age who appear incapable of receiving just impressions of the facts respecting which they are to testify, or of relating them truly.

The term "unsound mind" has been judicially defined:

> The test to determine whether a witness' mind is so unsound as to require that he be excluded as incompetent to testify is whether the witness' mental derangement or defect is such that he is deprived of the ability to perceive the event about which he is to testify or is deprived of the ability to recollect and communicate with reference thereto. *State v. Brown,* 102 Ariz. 87, 425 P.2d 112 (1967).

*State v. Griffin,* 117 Ariz. 54, 57, 570 P.2d 1067, 1070 (1977).

■ In general, when a proposed witness' competency is called into question, discretion should be exercised in favor of allowing the witness to testify:

> The Advisory Committee's Note attending Rule 601 of the Federal Rules of Evidence, which Arizona adopted with little variation, states that:
>
> "Discretion is regularly exercised in favor of allowing the testimony. A witness wholly without capacity is difficult to imagine. The question is one particularly suited to the jury as one of

> weight and credibility, subject to judicial authority to review the sufficiency of the evidence."

*State v. Piatt,* 132 Ariz. 145, 149, 644 P.2d 881, 885 (1981). *Accord State v. Apodaca,* 166 Ariz. 274, 276, 801 P.2d 1177, 1179 (App.1990).

■ The trial court's determination of a witness' competency to testify is accorded deference by an appellate court and will not be overturned absent an abuse of discretion. *Apodaca,* 166 Ariz. at 276, 801 P.2d at 1179. The trial court abuses its discretion if it precludes a witness from testifying without conducting a meaningful inquiry into the witness' competency. *See State v. Schossow,* 145 Ariz. 504, 507, 703 P.2d 448, 451 (1985). *See also Litzkuhn v. Clark,* 85 Ariz. 355, 359, 339 P.2d 389, 392 (1959); *Toney v. Bouthillier,* 129 Ariz. 402, 407, 631 P.2d 557, 562 (App.1981). The court determines competency as of the time the testimony is given. *Litzkuhn,* 85 Ariz. at 359, 339 P.2d at 392.

■ It is a given that one may be competent to testify, but not credible, and conversely, one may be credible but not competent to testify. In this case, we believe the defendants have placed the plaintiff's credibility in question, but have not shown the plaintiff to be incompetent. There is a notable distinction between competency and credibility. Competency, a question of law for the court, inquires into the witness' capacity or ability to observe, recollect, and communicate with reference to the event in question. *State v. Roberts,* 139 Ariz. 117, 121, 677 P.2d 280, 284 (App. 1983). Credibility is a question for the fact finder and examines the reliability of the witness' testimony. *See id.* The facts the defendants presented relative to the plaintiff's competency may well be admissible to attack her credibility before the jury. *See id.*

■ It is true, as her counsel concedes in this appeal, that the plaintiff "was undeniably garrulous, rambling and sometimes

unresponsive in her deposition testimony." This does not necessarily equate to incompetency. A meaningful review of the record does not demonstrate the plaintiff was incompetent to testify. The defendants adduced evidence to call the plaintiff's memory into question. However, that evidence was contradicted by, and did not adequately address, the plaintiff's deposition testimony which demonstrated an apparent familiarity with the events of the accident.

Here, we do not feel bound to give deference to the trial court's determination that the plaintiff was incompetent to testify. The trial court is accorded discretion because it is in a better position to weigh the relative merits of the parties' positions and generally the trial court has the witness before it. *See People v. Delaney*, 52 Cal. App. 765, 199 P. 896, 898 (1921) (question of competency rests peculiarly in trial court's discretion because the trial judge has an opportunity to observe the witness and listen to his or her manner of answering questions). As stated by our supreme court, the "decision of this question rests primarily with the trial judge, who sees the proposed witness, notices his manner, his apparent possession or lack of intelligence, and may resort to any examination which will tend to disclose his capacity and intelligence...." *Schossow*, 145 Ariz. at 505, 703 P.2d at 449 (emphasis deleted), (quoting *Wheeler v. United States*, 159 U.S. 523, 525–26, 16 S.Ct. 93, 93–94, 40 L.Ed. 244 (1895)).

■ In this case, the trial court based its decision on the written record and did not take evidence or conduct any other "live" examination or inquiry of the plaintiff. A trial court should not preclude a witness from testifying without first having conducted a meaningful inquiry into the witness' competency. *Schossow*, 145 Ariz. at 507, 703 P.2d at 451. The defendants base their argument that the plaintiff is incompetent to testify on her memory problems. In addition to the experts' affidavits and deposition testimony previously mentioned,

the defendants point out instances in the plaintiff's deposition in which she admits she has problems with her memory. They contend that the testimony of the four neurologists that the plaintiff had no recollection of the accident or how it occurred is uncontroverted. We disagree.

While it is true that the plaintiff's deposition is replete with instances where she could not remember details about her life and family, her deposition testimony permits a strong inference that she has not suffered total memory loss. She appears to remember a great many details about the accident, including that she played golf with the defendant; she walked while he rode in the cart; she played well; after the game was completed, she changed from her golf shoes into another pair of shoes; she and the defendant were returning to his house because her sister, the defendant's wife, had a doctor's appointment; and the accident occurred on the way back to the house. None of the foregoing testimony is contradicted by the defendants.

■ Dr. Hadden examined the plaintiff after her deposition. His affidavit fails to address what appear, from the deposition transcript, to be events recalled from the plaintiff's actual memory. His affidavit merely states that the plaintiff neither remembers nor is capable of remembering the facts. This may or may not be true, but the affidavit's lack of detail prevents a full exploration of the controversy. The deposition testimony of the other doctors is equally vague. They examined the plaintiff shortly after the accident occurred rather than at the time the trial court considered her competency. A witness' competency should be determined at the time that he or she testifies. *Litzkuhn*, 85 Ariz. at 359, 339 P.2d at 392.

The record suggests that the facts the plaintiff recounted might not be from her memory of the accident but from information that others gave her. The defendants contend that the following testimony of Dr. Trommer supports this contention:

[I analyzed the plaintiff's ability] to tell me what happened after the details had been explained to her by someone else— which I'm sure had happened on several occasions, and her independent recollection at the time of the injury. In other words, I had no reason to doubt that she had a period of time she did not recall. And yet she could tell me what happened because when she regained consciousness and regained the ability to make continuous memories, the details were explained to her.

We do not find Dr. Trommer's opinion sufficient to preclude the plaintiff's testimony. The defendants have not attempted to support Dr. Trommer's opinion with facts that would give credence to the doctor's suspicion. There is no evidence indicating that the plaintiff was merely echoing someone else in testifying to details of events prior to the accident. If the trial court was properly persuaded that the plaintiff was not testifying from memory, that portion of her testimony could properly be excluded pursuant to Rule 602, Arizona Rules of Evidence, which provides that a witness may only testify to matters about which he or she has personal knowledge. The defendants suggest that the plaintiff did not testify from her own observations, but we do not find these suggestions sufficient to overcome the presumption favoring competency.

It is also evident that the trial court considered improper factors in deciding that plaintiff's testimony lacked a sufficient degree of credibility to allow the case to proceed in face of the motion for summary judgment. The court assumed that the plaintiff was wrong when she testified

that the defendant was driving twenty-five to thirty miles per hour. The court's minute entry granting summary judgment states, "Apparently, the golf cart has a top speed of fifteen miles per hour." The only evidence to support that proposition was the deposition testimony offered by the defendants. The court also stated, "The police officer who did the accident investigation found no driver cause for the accident." There is nothing in the record to indicate that the officer was present when the accident occurred; in fact, it seems far more likely that his role was that of an after-the-fact investigator.

We find that the trial court abused its discretion in finding the plaintiff incompetent to testify. The evidence regarding the facts of the accident is in sharp conflict. Because material facts are in dispute in this case, summary judgment was inappropriate. Ariz.R.Civ.P. 56(c); *Pritchard v. State*, 163 Ariz. 427, 433, 788 P.2d 1178, 1184 (1990).

The judgment is reversed and the case is remanded for further proceedings.

McGREGOR and NOYES, JJ., concur.