NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

TYLER RICHARD MILLS, *Appellant.*

No. 1 CA-CR 18-0403
FILED 7-18-2019

Appeal from the Superior Court in Maricopa County
No.  CR2014-156859-001
The Honorable David O. Cunanan, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By William Scott Simon
*Counsel for Appellee*

The Stavris Law Firm PLLC, Scottsdale
By Alison Stavris
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Maria Elena Cruz joined.

---

**M O R S E**, Judge:

¶1        Tyler Richard Mills appeals his convictions and sentences for possession of narcotic drugs for sale, possession of drug paraphernalia, conspiracy, forgery, and other related offenses. Mills argues that the trial court erred when it denied his motion for a mistrial after two jurors conversed with representatives from the State. Mills also challenges a count of possession of drug paraphernalia as duplicitous. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY[1]

¶2        In May 2014, Mills was evicted from a hotel after he violated hotel policy. Hotel employees notified police after they discovered suspected heroin and drug paraphernalia in the room that Mills had occupied. Subsequently, police found heroin, $200 in counterfeit currency, $990 in real currency, and multiple items of drug paraphernalia, including two digital scales. Mills was arrested and charged with multiple counts, including possession of drug paraphernalia for the scales. After a three-day trial, the jury found Mills guilty of all counts. The trial court sentenced Mills to concurrent presumptive terms in the Arizona Department of Corrections.

¶3        Mills timely appealed, and we have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

---

[1]        We view the facts in the light most favorable to sustaining the verdict. *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013).

**DISCUSSION**

## I.     Juror Misconduct

¶4          Mills argues that the trial court erred by denying his motion for a mistrial after the prosecutor and the State's case agent briefly spoke with two jurors. We review a trial court's denial of a motion for a mistrial for an abuse of discretion. *State v. Garcia*, 141 Ariz. 580, 583 (App. 1984).

¶5          On the second day of trial, the prosecutor alerted the court to two brief conversations that had occurred between jurors and agents for the State. The prosecutor explained that he was in the elevator with juror number 4 and responded when the juror asked how old he was and how long he had worked for the county. When the prosecutor recognized that she was a juror on the case, he explained that he could not talk with the juror. The prosecutor also told the court that juror number 12 conversed with the State's case agent about the morning commute before the case agent walked into the courtroom.

¶6          The trial judge questioned the jurors separately. Both jurors admitted to speaking to the State's representatives but denied discussing the case with them. Juror number 4 added she was just being "social," but realized it was inappropriate after the prosecutor "scolded" her. Defense counsel requested a mistrial based on these conversations. The court denied the request because the questions asked by the jurors did not affect the case, were just "general questions you would ask anybody," and did not cause prejudice to Mills. The judge later admonished the entire jury panel about engaging in any conversation—even "pleasantries"—with parties or witnesses.

¶7          Conversation between a juror and a witness should be avoided to ensure the defendant has a fair and impartial trial. *See State v. Vasquez*, 130 Ariz. 103, 106-07 (1981). But "improper juror communication with a witness during trial is not grounds for mistrial unless the defense establishes that the misconduct was prejudicial or prejudice may be fairly presumed." *State v. Apodaca*, 166 Ariz. 274, 276 (App. 1990).

¶8          Here, the conversations between the jurors and the State were unrelated to the case, brief in length, and social in nature. *See Vasquez*, 130 Ariz. at 107 ("Idle conversation relating to subjects unrelated to the case is generally not grounds for a mistrial."); *State v. Medina*, 232 Ariz. 391, 408, ¶ 67 (2013) (finding no error "[g]iven the brevity of the contact between the juror and the victim's daughter and the absence of any discussion concerning the case or the defendant"). Acknowledging that the jurors'

behavior was not to be condoned, the trial judge determined that the conversations did not touch on the trial and, therefore, did not prejudice Mills. Because the trial judge was in the best position to asses these remarks, we find no abuse of discretion. *See Apodaca*, 166 Ariz. at 277 (trial judge was in best position to find that jurors' remarks to State's witness did not prejudice the defendant).

## II.    Duplicitous Indictment and Duplicitous Charge

**¶9**         Count 3 of the indictment charged Mills with using or possessing "scale(s)," or drug paraphernalia. Mills argues that the count's lack of specificity between a singular scale or multiple scales resulted in a duplicitous indictment and a duplicitous charge such that "the real possibility of a non-unanimous jury verdict existed." Because Mills failed to raise these objections at trial, we review for fundamental error only. *See State v. Hargrave*, 225 Ariz. 1, 11, ¶ 28 (2010). To establish fundamental error, Mills must show error that either (1) went to the foundation of his case, (2) denied him a right essential to his defense, or (3) was so egregious as to deny the possibility of a fair trial. *State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018). Under the first two prongs, the defendant also bears the burden of showing prejudice. *Id.*

**¶10**        An indictment is duplicitous if it charges "two or more distinct and separate offenses in a single count." *State v. Klokic*, 219 Ariz. 241, 243, ¶ 10 (App. 2008). An indictment is not duplicitous "if a count alleges only one offense, even if that offense may be committed in different ways." *State v. O'Laughlin*, 239 Ariz. 398, 400, ¶ 5 (App. 2016). Similarly, a charge is duplicitous when the indictment lists one criminal act, but evidence of multiple criminal acts is introduced at trial to prove the charge. *Klokic*, 219 Ariz. at 244, ¶ 12.

**¶11**        Assuming for argument's sake that the indictment or charge was duplicitous, Mills has not demonstrated fundamental error. When the indictment was read to the jury after it was empaneled, the court used only the plural "scales," and did not include any alternative reference to "scale(s)." During trial, the distinction between one or two scales was irrelevant to Mills' defense that he did not possess the heroin, scales and other drug-related items found in the hotel room. More importantly, and contrary to Mills' suggestion that the verdict may have not been unanimous, the verdict form did not reflect any ambiguity between the

singular and plural, and indicated only the plural "scales."[2]  Thus, even assuming error, Mills has not demonstrated fundamental error because he has failed to show that an error went to the foundation of his case, interfered with his defense, or denied the possibility of a fair trial.  *See State v. Anderson*, 210 Ariz. 327, 336, ¶ 19, n.6 (2005) (noting that jury verdicts can moot any possibility of non-unanimity).

## CONCLUSION

**¶12**        For the foregoing reasons, we affirm Mills' convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[2]        Appellant's brief incorrectly stated that the verdict form reflected "Scale(s)."  We have reviewed the signed verdict form and it stated the plural, "[t]o wit: Scales."